No. 16,234.

Polz *v*. Donnelly.

(213 P. [2d] 385)

Decided December 12, 1949.

Mr. Frank H. Hall, for plaintiff in error.

Mr. Nicholas C. Dazzo, Mr. Joseph F. Nigro, for defendant in error.

*In Department.*

Mr. Justice Jackson delivered the opinion of the court.

PLAINTIFF, who is plaintiff in error here, sued defendant on a promissory note seeking recovery of an alleged unpaid balance of $838.21. The note was given in part payment of a used Luscombe 8A-41 plane.

Defendant answered and counterclaimed in the following language: "Defendant admits signing a note on May 15, 1941, but alleges and states that said note was given in payment for a used luscombe BA plane [in all other places in the record the plane is referred to as a Luscombe 8A] which was purchased May 19, 1941, from the plaintiff for the sum of $2150.00. That the plaintiff stated as a fact that the said plane was in a good and perfect condition and free from any and all defects. That thereafter this defendant caused said plane to be checked at Denver, Colorado, and that said check revealed that the bulkhead of the said plane was cracked and this defendant expended the sum of $375.00 to repair said bulkhead."

At the close of the trial the court, without objection from defendant, instructed the jury to return a verdict in favor of plaintiff on plaintiff's complaint in the amount of $838.21. Judgment was entered in favor of plaintiff for this amount. The jury also returned a verdict on defendant's counterclaim in favor of defendant for $375.00 and judgment was entered for this amount in favor of defendant and against the plaintiff. Plaintiff brings the cause here for review, seeking reversal of the judgment entered in favor of defendant. on the counterclaim.

There are seven specifications of points, the gist of which, to use the words of plaintiff's counsel, is that, "* * * the defendant has wholly failed to plead or prove an action entitling him to recover damages for deceit or misrepresentation and the further fact that if there were pleadings or proof of misrepresentation or fraud there is a total failure to plead or prove by any recognized rule of law any recoverable damages on account thereof."

It appears from the evidence that the plane was sold by plaintiff to defendant in May, 1941, and that defendant took possession not later than June 18, 1941. On or about December 16, 1941, when the plane was taken to Denver for inspection and relicensing, it was discovered that the bulkhead was cracked. The testimony disclosed that the bulkhead of a plane is like the frame of an automobile and serves the same purpose of support. There is no definite testimony as to how or when the bulkhead in question was cracked. According to defendant's written statement, he and several others had flown the plane about 250 hours prior to December 16, 1941, when the cracked bulkhead was discovered. Plaintiff testified that he and certified mechanics had thoroughly examined the plane prior to the sale, had put it in perfect condition, and that the bulkhead was not cracked or damaged at the time of the sale. In its inspection report, the Civil Aeronautics Administration certified that the plane was flight worthy at the time of delivery. It will be noted that defendant, in his counter-claim, does not allege that the bulkhead was cracked at the time the plane was sold, nor does an examination of the evidence establish the proposition that the bulkhead was cracked at that time. Defendant's testimony goes to the point that he did not break the bulkhead while he was operating the plane. Another witness, Sutherland, who operated the plane between May and December 1941, and who instructed defendant in the art of flying, testified that he did not break the bulkhead. On cross-examination Sutherland stated that he did not know when the bulkhead was cracked, and did not know who cracked it. On cross-examination, defendant stated that he did not know who broke it; that he loaned the plane to Ted Reimer for a trip to Kansas City and didn't think the bulkhead was cracked on that trip. He further testified that he had no personal knowledge, but only knew "what other people say." He explained the absence of the log of the plane by stating

that it was destroyed at the time the plane was burned in June 1942, when being flown by Sutherland.

■ Placing the most favorable construction on defendant's evidence, it can not be said to establish more than that there was a possibility that the bulkhead was cracked at the time of the sale. This is not sufficient to prove a case. In *Creamery Package Mfg. Co. v. Industrial Commission,* 211 Wis. 326, 248 N.W. 140, the court said: "Mere possibilities leave the solution of an issue of fact in the field of conjecture and speculation to such an extent as to afford no basis for inferences to a reasonable certainty, and in the absence of at least such inferences there is no sufficient basis for a finding of fact. * * * There must at least be sufficient evidence to remove the question from the realm of conjecture. *Lezala v. Jazek,* 170 Wis. 532, 536, 175 N.W. 87, 89, 176 N.W. 238." For cases in this jurisdiction bearing on the point see, *Globe Indemnity Co. v. Stenger,* 82 Colo. 47, 256 Pac. 658; *McNulty v. Durham,* 63 Colo. 354, 167 Pac. 773. In *Reese v. Smith,* 9 Cal. (2d) 324, 70 P. (2d) 933, the court used the following language: "If the existence of an essential fact upon which a party relies is left in doubt or uncertainty, the party upon whom the burden rests to establish that fact should suffer, and not his adversary. (*Patterson v. San Francisco, etc. Ry. Co.,* 147 Cal. 178, [81 Pac. 531]). A judgment cannot be based on guesses or conjectures. (*Puckhaber v. Southern Pac. Co.,* 132 Cal. 363 [64 Pac. 480])."

■ In a recent federal case in this jurisdiction, *Quay Franklin v. Skelly Oil Co.,* 141 F. (2d) 568 (10th Cir.) 153 A.L.R. 156, the same principle was recognized when the court said: "The verdict of a jury must be based upon something more than mere speculation and conjecture. It is not sufficient to show a set of circumstances bringing the theory of appellants within the realm of possibilities, nor can the theory itself furnish the deficiency; the evidence must bring the theory to the level and dignity of a probable cause. *Gunning v.*

*Cooley,* supra [281 U.S. 90, 50 Sup. Ct. 231, 74 L. Ed. 720]; *Pennsylvania R. Co. v. Chamberlain,* 288 U. S. 333, 53 S. Ct. 391, 77 L. Ed. 819; *Lowden v. Friddle,* 189 Okl. 415, 117 P. 2d 533."

The trial court properly instructed the jury that the burden was on the plaintiff to prove the amount alleged to be due him on the note, and that the burden was on the defendant to prove the amount which he alleged was due him on the counterclaim. We believe that the jury failed to observe the latter instruction, and that it overlooked the fact that defendant had failed to sustain the burden placed upon him of proving that the plane was defective at the time of the sale. Both allegation and proof are thus equally lacking. Under these circumstances, we are of the opinion that the trial court should either have granted a motion for directed verdict in favor of plaintiff on the counterclaim at the close of the testimony, or, after the verdict, should have entered judgment notwithstanding the verdict in favor of plaintiff on the counterclaim.

The judgment for defendant on his counterclaim is accordingly reversed, and the cause remanded with instructions to enter judgment in favor of plaintiff in the amount of $838.21 without deduction by reason of the counterclaim.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE MOORE concur.