## No. 16,174.

RINGSBY TRUCK LINES, INC. *v.* HILLIAR ET AL., DOING BUSINESS AS NATRONA TRANSPORT.

(215 P. [2d] 719)

Decided February 6, 1950. Rehearing denied February 27, 1950.

Messrs. WOLVINGTON & WORMWOOD, Mr. FRANCIS P. O'NEILL, for plaintiff in error.

Messrs. GORSUCH & KIRGIS, Mr. CHARLES E. GROVER, for defendants in error.

*En Banc*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFFS, defendants in error here, doing business as Natrona Transport, obtained judgment in the trial court against Ringsby Truck Lines, Inc., and reversal is

here sought solely upon the grounds that the evidence failed to show negligence of defendant, and that it did show contributory negligence on the part of plaintiffs. We shall refer to the parties as in the trial court.

■ Two drivers of plaintiffs and two drivers of defendant, each with tractor trailers, were en route between Cheyenne and Greeley, on October 7, 1946, in a heavy snow storm and at night. One of the Ringsby drivers was having trouble with his motor and there was evidence from which the trial court might reasonably have found that his truck had stopped. A courtesy patrolman reported that the driver so told him, but said that he had not been stopped long enough to be able to put out flares when he was struck from the rear by one of the Natrona trucks. There also was testimony from which the court might have found that the lights were out on the Ringsby truck prior to the collision, as the driver of the colliding truck testified, although it was denied by two witnesses. This evidence is sufficient to support the finding of negligence on the part of defendant's driver by the trial court.

■ The remaining question is whether there was any substantial evidence to support the finding of the court that plaintiffs' driver was free from contributory negligence. By his own admission his truck was carrying a load of 17,000 pounds in addition to its weight and the trailer; it was dark; the visibility was between fifty and seventy-five feet; it was snowing hard; it was a bad night; there were about two inches of fresh snow on the pavement making it slick; he had stopped to clear the snow from his windshield at Eaton, several miles back, and there was not much snow on the windshield; he had no idea within what distance he could have stopped his tractor under those conditions; he could not see the center of the pavement; he saw a car approaching; he looked to the right, at the side of the road, to see where the edge of the road was, and kept looking to the right until after he had passed that

car; he was traveling "not over thirty miles an hour" "somewhere between twenty and thirty or twenty-five to thirty"; after he passed the car going in the opposite direction, he looked up and for the first time, as he testified, saw the dirty orange-colored Grigsby trailer within ten feet ahead of him, so that he did not even have time to apply his brakes before his truck hit it.

The driver of plaintiffs' other truck, which was following the one involved in the collision, testified that he came by shortly after the accident and saw the trailer, without lights, and didn't recognize it as that of his own company which had preceded him; that he "slammed on his brakes"; that the wheels of his truck started to slide, so he took the brakes off, accelerated his motor, and just barely got around the other trailer —barely missed it; that his load was not as heavy as that of the driver involved in the collision; that he was going not over twenty-five miles an hour, and that twenty to twenty-five miles was as fast as anyone could see to drive, and that it was really dangerous to drive at that speed.

Considered most favorably to plaintiffs, does that evidence compel finding as a conclusion of law that the driver was negligent? That question is not without difficulty. It would be easy to conclude from the evidence here presented that plaintiffs' driver was proceeding with his heavy equipment and load through the dark and storm at a speed which made it impossible for him to stop within the distance of his vision, or that he was not watching the highway ahead as in duty he was bound to do. As we said in *Fabling v. Jones*, 108 Colo. 144, 114 P. (2d) 1100, "To have looked in such a manner as to fail to see what must have been plainly visible was to look without a reasonable degree of care and is of no more effect than if she had not looked at all." However, the trial court found plaintiffs' driver free from negligence and, whatever our conclusion of fact might be from reading the printed record, we must not reverse

that finding if it has any substantial support. The trial court heard and saw the witnesses and was in a better position than we are to interpret the testimony. The speed of plaintiffs' truck was a matter of estimate, rather than exact determination. The driver testified that he was so driving that he could have stopped within the distance of his vision. Notwithstanding traffic was light, it chanced that he passed an oncoming car just prior to the collision, and the lights of that car doubtless affected the distance of his vision and inevitably held his attention at the moment of passing. These facts constitute substantial evidence in support of the finding of the trial court and require affirmance of the judgment.

The judgment is affirmed.