No. 16,226.

RUSSELL *v.* PHILLIPS.
(216 P. [2d] 424)

Decided February 27, 1950.

Messrs. HESSION & O'NEILL, Mr. WILLIAM A. SACK-MANN, for plaintiff in error.

Messrs. JANUARY & YEGGE, MARGARET R. BATES, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

CHARLES J. PHILLIPS, plaintiff below, brought an action in the district court against Harry Russell, as defendant, to recover judgment in the sum of $595 for damages allegedly resulting to his automobile from a collision with a truck owned by defendant. Defendant filed his answer denying liability, together with a counterclaim in which he sought a judgment against plaintiff in the sum of $19,765 for personal injuries and expenses incurred in connection therewith allegedly arising out of said accident.

At the trial before a jury the court directed a verdict in favor of plaintiff and against defendant on the latter's counterclaim. In accordance with the direction, the jury returned its verdicts in favor of plaintiff on his complaint; and in his favor on "defendant's cross complaint," and judgments were entered accordingly. Defendant brings the cause here by writ of error, seeking a reversal of the judgment against him on his counterclaim.

The undisputed evidence is that on Sunday evening, August 18, 1946, on the highway approximately twelve miles north of Pueblo, defendant, who was traveling in a northerly direction, had stopped his truck for the purpose of examining the fuses which controlled the lights on the vehicle. The highway at this point was eighteen feet in width, with the north and south traffic thereon each entitled to a half thereof. Defendant had stopped for approximately fifteen minutes, had the hood on the left side of the motor opened, and had flares and a flashlight on the seat in his truck.

Plaintiff owned a coupe, which was being driven by his brother and in which he and a lady were passengers; they were traveling in a northerly direction, at a speed of approximately forty-five miles an hour, with his auto lights burning. When plaintiff's automobile was within approximately fifty feet of defendant's truck, parked as

it was on the highway, the driver of plaintiff's car swerved the same to the left, and in so doing the car struck the rear left corner of defendant's truck with the post immediately behind the right window on the coupe, causing the damage of which plaintiff complains. Plaintiff's auto, after having been driven on the westerly side of defendant's parked truck for a distance of approximately one hundred feet, was backed up to the truck, and then it was that the driver of plaintiff's car and plaintiff first learned that defendant had been injured. He was found lying near the left front wheel, or ahead of the same, on the highway. Neither plaintiff nor the driver of his car, nor the passenger therein was aware of defendant's presence until the same was discovered after the accident, and all of these persons testified that there was no thump or other indication that plaintiff's automobile had collided with a body other than defendant's truck. There was no damage to the front of plaintiff's automobile and no other indication on the same that either defendant, or any other object, had been struck by that part of the auto.

While defendant was testifying with reference to the accident, the following occurred: "Q. You did not see Mr. Phillips' car? A. I never saw it. Q. You don't know what hit you, then, do you? A. What? Q. You don't know what hit you? A. Who was in it? Q. No. Do you know what car hit you or what hit you? A. No. Q. You don't know? A. No.

＊　＊　＊

"Q. No, I think you said you didn't know who it was that hit you that night. You really don't know? A. No.

＊　＊　＊

"Q. Now, on August 18, you were involved in an automobile accident with Mr. Phillips who hit you, is that right? A. I can't say who it was."

Relative to the accident and the conditions surrounding the same, plaintiff and four witnesses testified in

his behalf. No witness testified for defendant but himself.

One of plaintiff's witnesses, a state highway patrolman who arrived at the scene of the accident very shortly after its occurrence, testified that the shoulder on the east side of the highway, at the point where the accident occurred, was four feet in width, and that there was an additional dirt shoulder seven feet in width upon which an automobile might be driven. Defendant testified that there was only four feet of the shoulder available upon which to drive his truck. Plaintiff and two of his witnesses testified that at the time of the accident it was dark and that defendant's truck was on the highway unlighted, and the motor not running. Defendant denied this testimony.

Plaintiff and two of his witnesses also testified that the southbound traffic at the time of the accident was heavy and traveling with lights burning, while defendant testified that he could see a distance of two miles to the north and the south and there were no cars within the range of his vision.

The patrolman testified that approximately fifteen minutes before the accident he passed defendant's truck parked on the highway in the approximate position in which he found it after the accident, while defendant testified that he had stopped on account of an emergency; that he didn't have time to put out any flares; that if he had planned to stop for any length of time he would have had his flares out; but that in a very short time after he stopped the accident occurred.

At the conclusion of the evidence, plaintiff's counsel moved "for a directed verdict in favor of the plaintiff as to the defendant's counterclaim" upon the grounds "that by the undisputed testimony both that of the defendant and the plaintiff, the defendant has been shown to have been contributorily negligent or solely negligent, as a matter of law. That the defendant has not sustained the burden of proof that the injury was the

result of the collision between his truck and the plaintiff's automobile." This motion was granted.

It should be noted that the cause then was submitted to the jury on the issues raised by the complaint and answer· thereto, and the court instructed the jury as to the law which should govern it in arriving at its verdict by submitting to it eighteen instructions, to none of which defendant interposed any objection except to the first thereof, and as to that only to the portion withdrawing from the jury's consideration defendant's counterclaim. Among these instructions was one on negligence, one on contributory negligence, and four with reference to the law of the road, being sections 228, 242, 247, volume 2, chapter 16, '35 C.S.A., and section 266, chapter 16, '47 Supp. '35 C.S.A. The jury, after deliberation, returned its verdict in favor of plaintiff and against the defendant in the sum of $595, for which sum judgment was entered, as to which judgment there is now no contention.

While it may not be important, it nevertheless is worthy of note that the jury must have found from the evidence submitted to it that plaintiff was not guilty of negligence and that defendant was guilty of such negligence or contributory negligence as proximately caused the injuries of which he complained.

There are three specifications of points, all of which present but one question, i. e., did the court·err in granting plaintiff's motion for a directed verdict in his favor on defendant's counterclaim?

The burden of proof was on the defendant to establish the allegations of his counterclaim by a preponderance of the evidence.

We have set forth the evidence rather fully, and, based thereon, we hold that defendant's evidence in support of his counterclaim raises, at best, only a possibility, rather than a probability, that the injuries of which he complained were occasioned by plaintiff's negligence. Under such circumstances we have held

that a mere possibility would leave the solution of an issue of fact in a purely conjectural or speculative field, and this to such an extent that it would establish no basis whatever for an inference to a reasonable, or any, certainty, and would afford no basis for a finding of fact. *Polz v. Donnelly,* 121 Colo. 95, 213 P. (2d) 385; *Coakley v. Hayes,* 121 Colo. 303, 215 P. (2d) 901. Here, as we analyze it, there is no evidence whatever to support defendant's allegation that plaintiff was negligent, and there is direct evidence, contra; further, by defendant's own testimony, corroborated by all of plaintiff's witnesses who were present at the time of the accident, and the state patrolman, defendant violated the laws of the state of Colorado as provided by the statutes thereof, admittedly was guilty of negligence which was the proximate cause of his injuries, and, therefore, barred his recovery of damages for injuries sustained.

There being no evidence whatever to support defendant's counterclaim, and the burden of proving the same by a preponderance of evidence being on him, the trial court was right in directing a verdict in favor of the plaintiff thereon.

The judgment, accordingly, is affirmed.