No. 16,385.

UNITED STATES FIDELITY AND GUARANTY COMPANY ET AL.
*v.* INDUSTRIAL COMMISSION ET AL.

(219 P. [2d] 315)

Decided May 22, 1950.

Mr. DARWIN D. COIT, for plaintiffs in error.

Mr. JOHN W. METZGER, Attorney General, Mr. ALLEN MOORE, Deputy, Mr. DONALD C. MCKINLAY, Assistant, for defendant in error Industrial Commission.

Mr. JOHN F. MUELLER, Mr. GREGORY A. MUELLER, for defendant in error Neff.

*En Banc.*

Mr. Justice Hays delivered the opinion of the court.

This is a workmen's compensation case in which claimant was awarded compensation by the Industrial Commission for injuries incurred by him as a result of an accident allegedly arising out of and in the course of his employment. The award was sustained by the trial court and the employers and their insurer seek reversal here upon the ground, among others, that "there was no evidence showing that the claimant sustained any injury proximately caused by an accident arising out of and in the course of his employment * * *."

At the hearing before a referee of the commission, it appeared without dispute that claimant, while employed as a sight-seeing driver for the employers, made a trip with tourist passengers, intending to go to Mount Evans. The party paused at Lookout Mountain, obviously to give the passengers an opportunity to observe the Buffalo Bill museum and grave. While one side of the hood of the automobile was raised and claimant was attempting to cool the motor by pouring cold water upon the radiator thereof, a fire broke out near the carburetor of the motor, causing an explosion sufficient to blow the other side of the hood open. The car was not provided with fire extinguishing equipment and claimant hastily proceeded to scoop up and carry dirt in a gallon can a distance of twenty-five or thirty feet which he dumped upon the motor for the purpose of extinguishing the fire, all of which required approximately ten minutes.

Shortly thereafter, claimant reported the matter to his employers, and asked that another vehicle be sent to transport the passengers on their trip. After waiting about two hours for a relief car to arrive, claimant again called his employers in Denver and was advised that the relief car was on its way and should arrive soon. Subsequently, and while talking to tourists at the soda fountain, claimant suffered a heart attack and was taken

to Denver General Hospital where he remained for about three weeks.

At the hearing before the referee five doctors were called as witnesses, three of whom testified on behalf of claimant, the other two being called by his employers. All of said expert witnesses were in substantial agreement that claimant suffered a myocardial infarction due to coronary occlusion. The question here presented is, Was there any causal connection shown to exist between the exertion and excitement attending the extinguishing of the fire and the heart attack which followed two hours later?

Dr. David Berger, called by claimant, expressed the opinion that "the excitement *may* have been a precipitating factor." Dr. Reginald H. Fritz, claimant's witness, said: "I don't know," in answer to a question as to whether or not the excitement had anything to do with the heart attack. Dr. W. S. Dennis, claimant's other expert witness, in answer to a similar question, said: "It is a *possibility*. I *couldn't* say *'absolutely'* but I guess statistically probably more infarctions occur when people are lying quietly in bed than when they are exerting themselves but it is *quite within the realm of possibility.*" (Emphasis supplied)

On the other hand, expert medical witnesses called by the employers testified positively that myocardial infarction is the result of coronary occlusion, a pre-existing degenerative disease of the coronary arteries, and that the excitement, anxiety and physical effort attending the extinguishment of the fire was in no way connected with the heart attack which occurred more than two hours after such exertion.

In *Aetna Co. v. Industrial Com.,* 116 Colo. 98, 110, 179 P. (2d) 973, we said that: "In order to render the death compensable, the evidence must establish a causal connection between the injury, the operation, and the 'thrombosis and other heart ailments' before

the commission may properly enter an award in favor of claimants."

A careful examination of the record before us fails to disclose any evidence to support the finding of the commission that "claimant sustained a heart attack on August 11, 1948, consequent upon over-exertion and excitement resulting from the fire in the motor of the automobile." The most that can be said concerning the expert testimony introduced by claimant is, that there may or might be a connection between such excitement and exertion and the heart attack, or that such was within the realm of possibility. "A resort to mere conjecture or possibilities will not take the place of direct or circumstantial evidence. No number of mere possibilities will establish a probability." *Denver & R. G. Co. v. Thompson,* 65 Colo. 4, 169 Pac. 539.

In view of the foregoing and the fact that the findings of the commission are based wholly upon conjecture and possibilities, and not upon competent evidence, we conclude, under the following authorities, that such findings are unwarranted and cannot properly be sustained. *O'Connor v. Boulder Ass'n,* 107 Colo. 290, 111 P. (2d) 633; *Coors Porcelain Co. v. Grenfell,* 109 Colo. 39, 121 P. (2d) 669; *Resler Truck Line v. Industrial Com.,* 113 Colo. 287, 156 P. (2d) 132; *Aetna Co. v. Industrial Com., supra; Arvas v. McNeil Coal Corporation,* 119 Colo. 289, 203 P. (2d) 906; *Coakley v. Hayes,* 121 Colo. 303, 215 P. (2d) 901; *Polz v. Donnelly,* 121 Colo. 95, 213 P. (2d) 385; *Russell v. Phillips,* 121 Colo. 342, 216 P. (2d) 424.

The judgment of the trial court affirming the award of the Industrial Commission, is reversed and the cause remanded for further proceedings consistent with the views expressed in this opinion.