William F. ACKLEY, Plaintiff,

v.

WATSON BROS. TRANSPORTATION CO., Inc., Carl L. Larson, also known as C. Leonard Larson, and Ringsby Truck Lines, Inc., Defendant.

No. 4017.

United States District Court
D. Colorado.

Sept. 3, 1954.

January & Yegge, Margaret N. Bates, Denver, Colo., for plaintiff.

Wolvington & Wormwood, Winston H. Wolvington, H. Berman, Irving L. Greenwald, Denver, Colo., for defendants.

CHRISTENSON, District Judge.

This is an action for personal injuries and property damages brought by plaintiff, whose truck collided with a tractor-trailer unit operated by the defendant, Carl L. Larson, for the corporate defendants. The defendant, Watson Bros. Transportation Co., Inc., interposed a counterclaim for damages to the equipment belonging to it.

The plaintiff claims that the driver of defendants' vehicle was negligent in parking the tractor-trailer on the paved or traveled portion of the highway and in failing to place flares warning approaching traffic of the presence of the vehicle, in violation of the requirements of Sections 228 and 266, Chapter 16, 1935 Colorado Statutes Annotated, and of duties required of him in the exercise of ordinary care. The defendants deny that there was negligence on the part of their driver, and assert that plaintiff, himself, was negligent, being barred from recovery herein because his negligence was the sole proximate cause of the accident, or under the doctrine of contributory negligence, and becoming liable to the owner of the tractor-trailer unit on defendants' counterclaim.

The cases cited by the parties appearing most nearly in point are:

Grunsfeld v. Yenter, 100 Colo. 570, 69 P.2d 309, holding that contributory negligence as a matter of law was not shown under facts in many respects comparable to those of the case at bar.

Gallagher Transp. Co. v. Giggey, 101 Colo. 116, 71 P.2d 1039, involving a completely unlighted truck, determining that an instruction to the effect that a driver in plaintiff's general position was not bound to be on the lookout for vehicles operating in violation of statute, was not misleading when considered with other instructions, but criticising the form of the instruction.

Sprague v. Herbel, 90 Colo. 134, 6 P. 2d 930, holding that plaintiff, driving at such speed as to be unable to stop within the range of his vision and colliding with a standing, unlighted truck, was not contributorily negligent as a matter of law because reasonable men might differ as to whether defendants' failure to light the rear end of his truck was not the sole and proximate cause of the accident.

Ringsby Truck Lines, Inc. v. Hilliar, 121 Colo. 240, 215 P.2d 719, holding that there was at least some substantial support in the record for a judgment for plaintiff in an action for damages to a tractor-trailer which ran into defendants' parked, or slowly moving vehicle, at night during a heavy snowstorm; this case is closely in point on the facts, even to the other approaching car and the plaintiff's looking to the right to see where the side of the road was and then looking up to see defendants' vehicle, but there was evidence that it was snowing and that the center of the road could not be seen, and there were no lights whatsoever on defendants' vehicle. Even with these distinctions (and the only question before it was whether there was any substantial evidence to support a verdict for plaintiff, not where the preponderance of the evidence was) the Appellate Court conceded that the question of whether a finding of contributory negligence was required as a matter of law was one not without difficulty.

In Russell v. Phillips, 121 Colo. 342, 216 P.2d 424, a verdict on plaintiff's complaint was returned in favor of plaintiff motorist who had run into an unlighted truck and the Court granted a directed verdict against the defendant truck driver on his counterclaim, but only the ruling granting the directed verdict of "no cause of action" on defendant's counterclaim was before the Supreme Court. It was there held that the directed verdict against the defendant on his counterclaim was proper, contributory negligence appearing as a matter of law. The Court uses rather broad language in also indicating that there was no evidence whatsoever to support defendants' allegation of plaintiff's negligence, but this is in the nature of dicta.

Jess v. McNamer, et ux., 42 Wash.2d 466, 255 P.2d 902, holding that a truck driver who failed to put out flares when his truck became stalled was guilty of negligence as a matter of law in his action against a colliding motorist, the Court indicating that reckless, as well as careful, drivers are entitled to the statutory warning. This case, in principle, does not involve the question of any right of the motorist to recover against the driver of the stalled truck.

Calnon v. Sorel, 108 Colo. 467, 119 P. 2d 615, holding that driver of parked truck was guilty of negligence, but that the negligence of the approaching motorist was for the jury.

Brice v. Miller, 121 Colo. 552, 218 P.2d 746, holding that in a collision between a slowly moving truck and an automobile during a dust storm when visibility was greatly restricted, judgment for the plaintiff could not be sustained, since the evidence of any negligence on the part of the truck driver was insufficient, and that as a matter of law the negligence of the driver of the car which struck the truck was the sole proximate cause of the accident. There are distinguishing features, including speed and extent of visibility which lead me to think that this case does not justify me in holding as a matter of law that plaintiff in the case at bar was contributorily negligent.

These cases cited by counsel for one side or another have been instructive. However, they would have been of greater assistance if we were concerned here only with the question of negligence as a matter of law. Most of the cases cited by the plaintiff indicate that a holding against contributory negligence in this case might be deemed supported by some evidence, or, stated differently, that a holding of contributory negligence is not required herein as a matter of law. On the other hand, the cases cited by defendants' counsel indicate that failure to put out flares would not relieve the plaintiff from the obligation of using due

care, or would not, as a matter of law, constitute the proximate cause of the accident.

What I might here determine within the bounds of reversible error, is not of so much concern to the Court as what I should determine as a fact finder on the theory that I am not required as a matter of law to find either way. Detailed analysis of the authorities will not be undertaken since I am convinced that none of them requires any finding in favor of either party as a matter of law, and that the result in the case at bar must be dictated by the special facts and circumstances of this case touching upon the problem of contributory negligence.

The Court finds that the defendants' driver was negligent in failing to place flares as required by law and as was required of him in the exercise of ordinary care under the circumstances. I do not believe it was shown by the preponderance of the evidence that the unit was not pulled off the traveled portion of the highway as far as was practicable. The negligence in failing to put out flares was a proximate cause of the collision.

The Court finds further that plaintiff was negligent in traveling at an excessive rate of speed through the fog upon slippery roads under the circumstances, and in failing to keep a proper lookout ahead, and that such negligence proximately contributed to the damages for which plaintiff seeks recovery.

If we accept the testimony of defendants' witnesses, there is no doubt that plaintiff should have observed the presence of defendants' unit, the lights of which were thereby shown to have been clearly visible even from a distance. If we look primarily to the plaintiff's testimony, the negligence of the plaintiff also appears. I have carefully studied the excellent memorandum of plaintiff's counsel and the reasons advanced to the contrary, but still cannot escape the conviction that plaintiff did not observe the precautions that must be expected of a reasonably prudent person.

Plaintiff had notice of the specific terrain involved, the danger of stalled cars and the fact that the road was icy. He was willing to proceed without a judgment as to the distance it would take him to stop. He well could have foreseen that he might have to stop within the range of his visibility. Headlights pointing toward him were visible through the fog no more than one hundred feet. It might be assumed that tail lights would be visible at not a greater, and perhaps at a less, distance. He should have foreseen, in view of his conceded knowledge of conditions, that if other vehicles were not actually stopped so as to necessitate flares, still they might be proceeding so slowly that their avoidance by him would involve about the same problem as if they were stopped. Indeed, the evidence suggests that some vehicles proceeding up the hill, either after or before stopping, were traveling so slowly that men could walk alongside, throwing sand under the wheels. Yet, plaintiff was traveling more than forty feet per second, under circumstances that would have indicated to a reasonable man that he probably could not stop, or even turn out, within one hundred feet of any perceived danger ahead. He apparently did recognize that he could not stop within that distance, since he indicated that even though he had not looked down at the shoulder, he probably could not have brought his vehicle to a stop, but as he claimed, could have had time to turn out into the barrow pit. The reason for not doing this under the circumstances he claimed to exist, was that after he looked up from the shoulder as the oncoming car approached the slippery condition of the highway precluded the sudden turn that would have been required after he looked up and saw the clearance lights of defendants' vehicle.

I do not believe that the presence of another car coming toward the plaintiff would justify the Court in holding that he was not guilty of contributory negligence which bars him from recovery. There is no evidence corroborating his

testimony that there was such a car. On the other hand, there is no definite showing that there was not such a car. The Court must believe that there was. Even so, the plaintiff admittedly placed himself in such a position that, without the other car's presence, he still could not have stopped before striking an obstruction ahead but would have had to rely for safety upon the possibility that he could turn to the left, free of oncoming traffic, or go off the highway into suitable terrain on the right. There is no claim recalled by the Court that the approaching lights interfered with plaintiff's vision or blinded him or confused him. His explanation that he glanced to the right shoulder to see if he was in the right position on the highway only emphasizes the lack of visibility which made his speed unexplainable on a theory consistent with due care. There is no claim that he suddenly entered a small patch of fog without reasonable opportunity to slow down before the collision occurred. According to his testimony, he entered the fog near the top of the first hill, more than a half mile from the scene of the collision. When he first noted the approaching car's headlights, they were about one hundred feet distant. At this time, becoming initially visible through the fog, they would not have interfered with his vision of the road immediately ahead. If he then found it necessary to look down at the right shoulder to determine his position on the highway, the visibility was too bad to be going at a rate of speed anything approaching thirty miles per hour. Yet before he knew of the immediate presence of the defendants' vehicle, he made no attempt to slow down. When he saw the lights ahead he would not say that he was going materially less than thirty miles per hour.

The Court is perplexed at the rebuttal testimony adduced by plaintiff tending to impeach Larson's testimony that the truck immediately ahead of defendants' vehicle did not stop prior to the collision and that there were no other trucks or flares visible farther up on the hill. It is difficult, if not impossible, to reconcile this evidence with the testimony of defendants' witnesses, and particularly with the testimony of Larson, the truck driver who followed him to the scene, and the patrol officer who was at the scene within the hour. I believe that there must have been a stalled truck or trucks ahead of the defendants' vehicle on the hill, irrespective of whether they included the vehicle the rebuttal witness, Hoosier, was with. If Hoosier was not conscious of their presence in the confusion of the crash and the traction difficulties immediately preceding it, this again serves to underscore the limited visibility with which all parties, including plaintiff, were required to contend.

Believing as I do that the plaintiff was guilty of contributory negligence which, with the negligence of defendants' driver, proximately contributed to the unfortunate injuries of which plaintiff complains, it seems unnecessary, further, to analyze the negligence of defendants' driver, the extent of plaintiff's injuries, or the damage to the vehicle of the defendant, Watson Bros. Transportation Co.

The defendant is entitled to a judgment of "no cause of action" on plaintiff's complaint. The plaintiff is entitled to a judgment of "no cause of action" on said defendants' counterclaim. No costs will be allowed.

Let proposed findings of fact, conclusions of law and judgment be prepared and submitted to the Court by defendants' counsel, after service upon plaintiff's counsel.