No. 19,591.

MAVIS BURNS *v.* PEOPLE OF THE STATE OF COLORADO.
(360 P. [2d] 106)

Decided March 13, 1961.

Messrs. MARTINEZ & PIERCE, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. ROBERT G. PIERCE, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

ON August 5, 1959, plaintiff in error, to whom we will

refer as defendant, was charged by information with the crime of confidence game, embezzlement, larceny by bailee, and receiving stolen property; and together with her husband, Jim James Burns was also charged with conspiracy to commit each of the first three offenses above enumerated. All counts of the information were eventually withdrawn by the People or dismissed by the court, with the exception of count two, which charged this defendant with embezzlement, and count five which charged defendant and her husband with conspiracy to commit embezzlement. The jury returned verdicts of not guilty as to both defendants on the charge of conspiracy to embezzle, but found defendant guilty of embezzlement under count two. From the judgment and sentence imposed pursuant to the verdict, defendant seeks reversal by writ of error.

The second count of the information under which defendant was convicted reads:

"Second Count, and Barney O'Kane, district attorney as aforesaid in the name and by the authority of the People of the State of Colorado, further informs the court that on or about the 21st day of January, 1959, at the county of Jefferson, State of Colorado, Mavis Burns was then and there a clerk or servant of Hilander Homes, Inc., and that by virtue of her said employment she then and there had in her possession and under her care check #448 of said corporation, being made out to cash and *duly signed by an officer of said corporation,* of the monies, goods and personal property of said Hilander Homes, Inc., and that while so in the possession thereof said Mavis Burns, without the consent of said Hilander Homes, Inc. did then and there feloniously embezzle and fraudulently convert to her own use, with intent to steal, said check #448 of Hilander Homes, Inc., being made out to cash in the amount of $133.00 and *duly signed by an officer of said corporation;* contrary to the form of the statute in such case made and provided, and against

the peace and dignity of the People of the State of Colorado." (Emphasis supplied.)

The People's evidence discloses that the check on which this count was based was not "duly signed by an officer of said corporation" but was in fact a forgery. This having been disclosed by the evidence adduced by the prosecution, a motion to dismiss was made at the conclusion of the People's case, and was denied. Thereafter as a part of defendant's evidence it was stipulated and agreed by the District Attorney and defendant that if one Ben Garcia were called he would be qualified as a handwriting expert and would testify that check No. 448, which forms the basis for the embezzlement charge, bears as payor the *forged* signature of an officer of the Hilander Homes, Inc., but that in his opinion this defendant did *not* forge the signature in question. Upon completion of all the evidence the defendant moved for a directed verdict which was denied.

The defendant contends here, as she did in the trial court, that there was a fatal variance between the crime charged in count two and the evidence offered in support thereof, and that the People totally failed to establish prima facie the essential elements of the crime of embezzlement.

The Attorney General in his brief in effect concedes the correctness of defendant's contention, but alternatively argues:

"In the case at bar, the defendant was convicted of the *embezzlement of a blank check.* Though there was no evidence presented as to the value of this check, this court may take judicial notice that the value must not have exceeded $50.00. This being the case, it would appear that the defendant should have been given a fine not exceeding three hundred dollars, or a prison term not exceeding six months * * *." (Emphasis supplied.)

While this exhibits commendable candor and considerable resourcefulness, it is not enough. There was a fatal variance between the allegations of count

562

two of the information and the proof offered. Count two of the information charged defendant with converting to her own use with an intent to steal a certain check of Hilander Homes, Inc. made out to cash in the amount of $133.00 and duly signed by an officer of the corporation. The People's own evidence clearly established that the check in question was not duly signed by an officer of the corporation, but was in fact a forgery. Obviously someone committed a forgery, but defendant was *not* charged with that offense. Similarly, there was no showing that the defendant converted to her own use with an intent to steal the proceeds of the check, namely $133.00. A careful examination of the entire record convinces us that there was in fact a fatal variance between the allegations in count two and the proof offered in support thereof. The Attorney General's suggestion that perhaps defendant was guilty of the embezzlement of a *blank* check worth less than one cent is too tenuous to warrant serious consideration and imposes a severe strain upon our credulity.

██ None of the "mother hubbard" type charges which confronted defendant in this case was sustained by any evidence adduced by the People, hence the motion for a directed verdict of not guilty at the conclusion of the People's case should have been sustained.

The judgment is reversed and the cause remanded to the trial court with directions to vacate the judgment and discharge the defendant.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DOYLE concur.