No. 20,351.

REYES CORREA-NEGRON *v.* THE PEOPLE OF THE STATE
OF COLORADO.
(381 P. [2d] 814)

Decided May 20, 1963.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. RICHARD W. BANGERT, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

PLAINTIFF in error was defendant in the trial court. We refer to him as Negron.

On October 26, 1960, an information was filed in the Denver District Court wherein it is charged that Negron, on February 10, 1959, " * * * was then * * * the agent

of LEANDRO ANDRADA and that by virtue of his said employment he * * * had in his possession * * * ($499.00) * * * the moneys * * * of said LEANDRO ANDRADA, and that while so in possession thereof * * * NEGRON * * * did * * * feloniously embezzle * * * said * * * ($499.00) * * * contrary to * * * the statute * * * ."

Negron entered a plea of not guilty. Trial was to a jury on October 26, 1961, on which date a verdict of guilty was returned.

Motion for new trial and judgment notwithstanding the verdict was denied on December 1, 1961.

On January 8, 1962, Negron was sentenced to the penitentiary for a period of not less than one nor more than five years, and on that date mittimus issued and delivery of Negron at the penitentiary achieved January 12, 1962.

On April 23, 1962, Negron filed his petition in the trial court, setting forth his indigency status and requesting a free transcript of all proceedings in his case. On June 4, 1962, the trial judge granted the petition.

The People, in order to prove the facts alleged in the information, called four witnesses.

Joseph Sewall, manager of the Denver District Social Security Office, testified that his office had in late 1958 taken the application of Leandro Andrada for social security benefits, had processed the same, and that a certificate dated January 28, 1959, for back benefits for the period May 1957 through January 1959 for the amount of $1,839.00 was issued to "Leandro Andrada, Care of Ray Correa, 2254 Larimer Street, Denver, Colorado." He further testified that Andrada since that time has been and now is receiving monthly social security checks, presently in the amount of $93.00. He had never met Andrada or Negron and knew nothing concerning the matters charged in the information.

Also called was Ben H. Frey, Assistant Cashier of the American National Bank of Denver. He outlined pro-

cedures of his bank in opening savings accounts and withdrawals therefrom, and identified the following bank records: People's Exhibits (A), photostatic copy of social security check in the amount of $1839.00, dated February 3, 1959, payable to Leandro Andrada, c/o Ray Correa, and cashed at his bank February 10, 1959; (c), a signature card, dated February 9, 1959, for Savings Account No. 173246 bearing the signature "Leandro Andrada by Ray Correa, Sr."; (D), withdrawal slip dated February 10, 1959, bearing the signature "Leandro Andrada by Ray Correa," whereby $300.00 was withdrawn from Account No. 173246; (E), (F) and (G), withdrawal certificates similar to (D), whereby there was withdrawn from Account No. 173246 on March 9, 1959, $100.00; on March 17, 1959, $50.00; and on April 14, 1959, $49.00; (H), unsigned savings account ledger card showing deposit on February 9, 1959, of $500.00 in Account No. 173246 in the name of Leandro Andrada by Ray Correa, Sr., also showing the withdrawals evidenced by (D), (E), (F) and (G), leaving a balance of $1.00 in Account No. 173246.

Andrada was called as a witness for the People, subjected to direct examination and cross-examination, recalled for direct examination, again recalled for direct examination and cross-examination, called by Negron for cross-examination and subjected to redirect examination and recross examination.

Andrada could neither read nor write, except to sign his name. Obviously he did not comprehend questions asked or answers given. Efforts to make his testimony lucid or intelligible resulted in complete failure. All of his testimony was given through an interpreter.

Considered as a whole, Andrada's testimony is frightfully self contradictory, as well as contradictory of the testimony of the witnesses Sewall and Frey, and unintelligible. Among other things, Andrada insisted that he had never seen, received, or endorsed any social security check or checks; that he himself and he alone

took a $1000.00 retirement (he was a retired employee of the Union Pacific Railroad) check to the bank and cashed it, kept $500.00 to pay his bills and used the remaining $500.00 to open an account in his name only; that he saw Negron only once, and that was when he applied for social security; that he had no dealings with Negron, never paid him any money, never employed him as his agent or entrusted him with any money, nor did he authorize him to take care of any of his business.

The People's evidence did not end there. Offered and admitted in evidence was a three page written, sworn statement of "Reyes Correa Negron, AKA Ray Correa," dated October 24, 1960. This statement is a masterpiece in exculpation, ensconcing Negron in a shining armour of complete innocence of the crime charged.

On the record before us we conclude that there was not sufficient evidence to submit the matter to the jury. The People's testimony and exhibits serve admirably to create doubts and provoke wonderment, but do not serve to establish beyond a reasonable doubt or at all the facts set forth in the information.

Negron, though professing that he is not learned in the law, in support of his contention that the evidence is insufficient to sustain a conviction, confronts us with applicable quotations from the following cases: *Burns v. People,* 145 Colo. 559, 360 P. (2d) 106; *Stull v. People,* 140 Colo. 278, 344 P. (2d) 455; *Polz v. Donnelly,* 121 Colo. 95, 213 P. (2d) 385.

The judgment is reversed and the cause remanded to the trial court with directions to discharge the defendant.