No. 20,443.

JEANETTE S. LETTS *v.* EVELYN IWIG.
(384 P. [2d] 726)

Decided August 12, 1963.    Rehearing denied September 9, 1963.

Messrs. YEGGE, HALL and SHULENBURG, Mr. WESLEY H. DOAN, for plaintiff in error.

Mr. BERNARD D. MORLEY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE refer to the parties as they appeared in the trial

court where plaintiff in error was defendant and defendant in error was plaintiff.

The action was brought to recover damages for personal injuries allegedly sustained by plaintiff when she fell on ice at the gate opening from a private driveway into the back yard of premises occupied by defendant. The case was tried to a jury which returned a verdict in favor of plaintiff in the sum of $20,000.00 upon which judgment was entered.

It was alleged in the complaint filed by plaintiff that the injuries complained of by her were, " * * * a result of the negligence and carelessness of the defendant in failing to keep the premises in a proper state of repair and said negligence and carelessness of the defendant was the direct and proximate cause of plaintiff's injuries."

Defendant filed her answer in which she denied that plaintiff was injured as alleged, and denied any negligence on her part. The answer contained affirmative defenses, contributory negligence, assumption of risk and that any injuries sustained by plaintiff were brought about by an act of God.

By a pre-trial conference order the issues to be tried were determined as follows:

"(a) Was the defendant guilty of negligence in the maintenance of her premises on January 31, 1961?

"(b) Did the defendant know or reasonably should have known of the icy condition in the area of the back fence gate located at the rear of her premises?

"(c) Did the defendant take reasonable care to discover the actual condition of premises and either make them safe or warn the plaintiff of the dangerous condition?

"(d) Was the plaintiff guilty of contributory negligence on January 31, 1961?

"(e) Did the plaintiff know of the risk of harm and injury involved in walking in the area of the defendant's

back fence gate on her way to defendant's residence and did she assume said risk of harm and injury?"

At the close of the evidence offered by plaintiff, counsel for defendant moved for dismissal of the action on the ground that there was no evidence sufficient to warrant consideration by the jury of the question of negligence on the part of defendant. This motion was denied. Following return of the verdict a motion for new trial, or in the alternative for judgment notwithstanding the verdict, was filed by counsel for defendant. The grounds upon which the motion was based were that, as a matter of law, there was no competent evidence establishing negligence on the part of defendant; and that as a matter of law plaintiff was guilty of contributory negligence and "had assumed all of the risk of harm and injury incident to the area wherein she was walking at the time of her fall."

The controlling question which we are called upon to determine is whether there was sufficient evidence of negligence on the part of the defendant "in failing to keep the premises in a proper state of repair" to warrant submission thereof to the jury. We have examined the transcript carefully and are unable to find therein any evidence tending to prove that defendant failed to discharge any obligation owed to plaintiff. We find no evidence tending to establish that a dangerous condition existing on the premises was known to defendant or should have been known to her, and with reference to which she failed to give warning to the plaintiff. The defendant was not under an insurer's liability as to the safety of the premises. The mere presence of the ice upon which plaintiff fell did not, under the circumstances shown, result in liability on the part of the defendant as a matter of law, unless she knew or in the exercise of reasonable care should have known of the condition, and that injury to the plaintiff or others was likely to result therefrom. *Home Public Market v. Newrock*, 111 Colo. 428, 142 P. (2d) 272.

■ Plaintiff had the burden of establishing negligence on the part of defendant, and such burden is not sustained by evidence which is mere surmise, speculation or conjecture. *Polz v. Donnelly,* 121 Colo. 95, 213 P. (2d) 385; *Gordon v. Clotsworthy,* 127 Colo. 377, 257 P. (2d) 410.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE HALL concur.