Mr. Justice Moore
delivered the opinion of the Court.
Plaintiff in error, to whom we will refer by name oías the claimant, is here on writ of error to review a judgment of the district court affirming the action-of the Industrial Commission in denying his application for an increase in benefits under the Workmen’s Compensation Act.
In May 1957 claimant suffered a fracture of his left knee cap in an accident which occurred in the course of his employment by Armco Drainage and Metal Products, Inc. In proceedings connected with the accident The Industrial Commission in July 1957, following a special Admission of Liability filed by the insurance carrier, awarded him compensation based upon a 5 per cent partial disability of the left leg measured at the knee. July 11, 1960, Hood filed a petition to re-open the claim and thereupon the insurance carrier filed an Admission of Liability consenting to a 10 per cent permanent disability of the leg measured at the knee. Claimant did not ac cept the 10 per cent disability suggested by the insurance carrier. October 11, 1960, a hearing was had before a referee who, ten days thereafter, after reviewing the evidence, made findings which included the following:
“From this evidence, the Referee finds that claimant is entitled to payment of compensation for temporary total disability, permanent partial disability and for medical benefits. It is further found that claimant has sustained 10% loss of use of his left leg as measured at the knee, which disability is directly attributable to his industrial injury.”
November 2, 1960, a petition for review was filed by claimant. This petition was stricken for insufficiency and on March 6, 1961, another petition to re-open was filed and thereupon the Commission on its own motion ordered the case re-opened, “for the purpose of determining whether or not there has been error, mistake or change in condition,” and ordered a hearing before- the *223 referee on May 3, 1961. As a result of that order additional hearings were held before the referee May 3, 1961, and September 14, 1961, which culminated in the following findings and order by the referee:
“This matter came before the Referee upon Order of the Industrial Commission to determine whether or not error, mistake or change in the physical condition of the claimant had occurred since the matter was last before the Industrial Commission.
“Evidence adduced at the hearings disclosed:
“That the claimant allegedly sustained an injury to his right leg when he fractured the kneecap. Thereafter at a later date he began to experience extreme difficulties with his back. The back difficulties were finally diagnosed as a herniated intervertebral disc and culminated in corrective surgery in the L-5 - S-l area. The physician who made this diagnosis and performed the surgery could not say that there was direct causal relationship between claimant’s accident and the resulting back difficulty. The causal connection he rated to be possible only. Other medical evidence received was to the effect that there was no causal relationship between the accident as related by claimant and the subsequent physical findings.
“From this evidence the Referee finds that there has not been a sufficient amount of evidence to sustain the findings that there has been error or mistake in the administration of this claim when previously before the Industrial Commission. It is further found that although the physical condition of claimant has undergone a change, there is insufficient evidence to causally relate this change in his condition with his industrial accident.
“IT IS, THEREFORE, ORDERED: That claimant’s claim for additional compensation be denied.
“IN WITNESS WHEREOF, the Industrial Commission of Colorado has caused these presents to be duly executed this 16th day of October, A. D. 1961.”
The above order, in due course, became the final *224 award of the commission to which proceedings in the district court were directed. As already stated the district court upheld the action of the commission.
Claimant testified at the hearing on October 11, 1960, and at the final hearing before the referee, that he suffered continual pain and difficulty with his left leg ever since the accident of May 6, 1957; that he had no pain or disability to his legs prior to that accident; and that he had not suffered any intervening accident or injury since.
Counsel argues that by a process of elimination, no other cause being shown for Hood’s present condition, a causal connection has been established linking his back injury to the accident in. which he suffered the broken patella. In addition to his own testimony claimant offered a report of Dr. Maruyama made on January 17, 1961, wherein that doctor reported that X-ray findings in the lumbosacral spine revealed an old undisplaced compression type fracture of the third vertebral body, and concluded:
“In view of Mr. Hood’s present complaints and the X-ray findings in the lumbosacral spines [sic] some of the earlier difficulties referrable to the left side may have been related to the injury sustained in the 4th lumbar vertebral body. I am unable to state whether this fracture of the vertebra was incurred during the accident of May, 1957, or not. However, this type of injury to the vertebra can manifest in producing left hip pain and radiating pain into the left leg as Mr. Hood alleges. No treatment is necessary for this injury at this date.” (Emphasis supplied.)
Dr. Maruyama did not testify in the case, although a continuance was requested, and allowed by the referee, to permit him to testify. The only other evidence presented by claimant was given by Dr. John Litvak who examined him on May 13, 1961, and reported:
“This patient informed me that on May 6, 1957, he suffered an injury at work which resulted in a fracture *225 of his left patella, which was treated, and in seven weeks time he returned to work. Since the time of the injury he complained of constant pain in the left knee and lower left leg and has been seen by various physicians and treated in various manners. About two years ago he notes that pain began in his left hip which has continued intermittently . . .
“There is a minimal suspicion that a mild degree of lumbar nerve root compression is occurring intermittently in this situation. The gross objective findings are most strongly suggestive of atrophy of the muscles of the left leg, probably as a result of the prolonged casting required to return it to its normal function from the patellar fracture.”
Dr. Litvak performed an operation on January 11, 1961, and found a herniated disc, distortion of the accompanying nerve root and attachment of the nerve root by adhesions to the lateral wall of the lumbar spine. In his report concerning this surgery he expressed no opinion as to the cause of the condition found by him. Upon the witness stand he stated that, “it is possible” that the accident of 1957 might have been a “competent producing cause” of the symptoms observed by him during the operation. He further stated, “One would suspect with the presence of scarring such as this that most likely it would be a remote situation rather than recent.”
The testimony of Dr. Samuel P. Newman whose qualifications were admitted by the claimant and who, together with his partners, had treated claimant frequently from the time of the accident, included the following:
' “I was unable to relate his back complaints to the injury of May 1957 because in reviewing the records of care in our office of this man, which dated back to 1957, the earliest complaints of any back symptoms noted in our records were in January of 1959, and then those symptoms were somewhat vague.”
Under this state of the record the most that can be said concerning the evidence offered in support of the *226 claim is that there is a possible connection between the accident which occurred in 1957 and the herniated disc which was discovered at the time of the operation performed in July 1961. The trial court committed no error in affirming the findings of the referee to the effect that there was insufficient evidence to establish a causal connection between the accident and the herniated disc. Such a causal connection cannot be established by evidence which is conjectural and does no more than raise an inference that such connection is possible. United States Fidelity and Guaranty Company et al., v. Industrial Commission et al., 122 Colo. 31, 219 P. (2d) 315.
The judgment is affirmed.