[No. 6041.]

## UTAH NURSERY COMPANY v. MARSH.

1. **Pleadings—An Appeal from Justice**—A written pleading in the county court on an appeal from a justice of the peace, should on motion be rejected.—(212)

2. **Evidence—Personal Knowledge of Judge**—A judge is not permitted to act on his individual knowledge.—(212)

*Error to Montrose County Court*—Hon. H. W. HANES, Judge.

Messrs. BELL, CATLIN & BLAKE, for plaintiff in error.

Mr. E. G. BROWN, for defendant in error.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The Utah Nursery Company brought suit against Barton W. Marsh in the justice court and recovered a judgment against him in the sum of $290.00. Upon a hearing in the county court the defendant moved to dismiss because the plaintiff had not complied with sections of the statute relating to corporations. This motion was denied. Later, the defendant filed a written answer, which the plaintiff moved to strike, because the statute does not permit the filing of written pleadings in causes appealable to the county court. This the court denied.

On the day set for the trial of the cause, and after the jury was sworn, the defendant moved to dismiss the case, which the court granted. From the

judgment the plaintiff appealed. We have no jurisdiction of this appeal, and the clerk is directed to docket the case as pending on writ of error.

No reason is given for the dismissal, and we assume that the ground upon which the court dismissed the action was that the plaintiff, being a foreign corporation, had failed to comply with secs. 491c, 491f, 491h, 491i and 499, 3 Mills' Rev. Stats., as set forth in the motion theretofore filed.

On appeal to the county court written pleadings cannot be required, and the court should have granted the motion to strike the answer.—§ 3884, Rev. Stats. 1908. Noncompliance with the requirements of these statutes is a matter of defense.—*Illinois S. & M. Co. v. Harrison,* 43 Colo. 362.

No testimony was taken. There is nothing in the record from which we can ascertain whether the corporation is or is not a foreign corporation. It appears to have been assumed by the court and counsel for defendant that because the judge had personal knowledge concerning the corporation, that it was a foreign corporation. We infer this from the statement appearing in counsel's brief, wherein he states:

"The fact that The Utah Nursery Company, a corporation, is a foreign corporation was personally known to the county judge, had been admitted in oral argument by counsel for appellant, and did not need to be proven."

Nothing in the record supports the statement that it was admitted by counsel that the corporation is a foreign corporation, and counsel will not seriously contend that the personal knowledge of the judge meets the requirements of the law, that proof of the fact shall be made. The judgment must, therefore, be reversed.                          *Reversed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.