No. 10,338.

ELLERMANN, ET AL. v. INDUSTRIAL COMMISSION, ET AL.

Decided January 8, 1923. Rehearing denied March 5, 1923.

Proceeding under the workmen's compensation act. Claim for compensation denied.

*On Petition for Rehearing.*

*Cause Remanded with Directions.*

1. WORKMEN'S COMPENSATION—*Accident Arising out of Employment —Heart Disease—Over-exertion.* An employe afflicted with heart disease fell dead while moving cement in a wheelbarrow. Held, that if death was due to over-exertion arising out of the employment, which would not have occurred except for such employment, then the over-exertion was an accident.

2. *Power of District Courts—Fact Questions.* District courts are without power to determine questions of fact in workmen's compensation cases.

3. *Insufficient Findings by Commission.* Where the industrial commission fails to make a finding on a question of fact necessary to a proper determination of a case pending before it, and

regarding which the evidence is in conflict, the cause will be remanded with directions for additional findings.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. GEORGE F. DUNKLEE, Mr. EDWARD V. DUNKLEE, Mr. WILLIAM H. GABBERT, for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS brought this action before the Industrial Commission to recover under the Workmen's Compensation Act for the death of William F. Ellermann, husband of the plaintiff Amelia A. Ellermann and father of the other plaintiffs. The Commission decided against them and to review a judgment of the district court affirming that decision plaintiffs bring the cause here on error.

William F. Ellermann came to Colorado from Illinois where he had been an iron moulder. He was about fifty years old and apparently a strong and vigorous man. The only work he did after arriving in this state and prior to August 11, 1921, was mowing lawns and doing other odd jobs requiring no exceptional exertion. On the last mentioned date he began work for defendant Olson. His duty consisted in wheeling a barrow loaded with concrete a distance of about 125 feet over a level runway and dumping it. The total load weighed approximately 300 pounds and the portion of it actually lifted about 75 pounds. At the end of the third trip, while in the act of dumping the load, Ellermann, dropped the barrow handles and fell. He died almost immediately. The undisputed testimony established that death was due to an acute dilation of the heart preceded by chronic myocarditis. The commission found:

"The vital question in this case is as to whether defendant's death was caused by an accident arising out of and in the course of his employment."

The "question" thus stated includes three questions: (a) Was the death due to an accident? (b) Did the accident occur in the course of the employment? (c) Did the accident arise out of the employment? These are the identical questions involved in every workmen's compensation case. The commission further found:

"The decedent sustained no accident in the nature of a bruise or trauma of any kind whatsoever. I am unable to see wherein his death can be attributed to an accident as defined by law. Over-exertion in my opinion is not an accident. My opinion therefore is that the claimants have not shown that the decedent died as a proximate result of an accident as defined by the Workmen's Compensation Law of Colorado and claim for compensation is therefore denied."

It is admitted that the death of William F. Ellermann occurred "in the course of" his employment. Whether it "arose out of" that employment depends upon whether it was caused by "over-exertion" due to the employment. If so it "arose out of" the employment. Otherwise not. Clearly the Commission determined solely a question of law, i. e., that under the Workmen's Compensation Act heart disease of any kind causing death in the course of the employment could not be held to be an accident. The Commission did not find that there was or was not "over-exertion" and did not find the death due to that cause.

If death was due to "over-exertion" "arising out of" the employment and would not have occurred save for such employment, then the "over-exertion" was an "accident." On this subject the evidence is in direct conflict.

Dr. Dryer testified, in substance, that the lifting of the load of concrete caused the death; that if William F. Ellermann had been doing ordinary work, or sitting or walking, he would not have died, and that the lifting of the load was the sole cause of death. Dr. Van Meter testified, in substance, that if chronic myocarditis was present (which he believed and which is undisputed) the patient might have died suddenly after a hearty meal, or through some

emotional excitement, or walking upstairs; that he might have died at the same time if he had not lifted the load, and would have died from the same cause in the ordinary exertion of daily life; that he might have dropped in an instant while walking on the street.

The district court held that: "The determination of whether or not this death was the proximate result of an accident * * * is not the vital question in the case. The vital question in the case is whether or not the death of the deceased arose out of his employment."

The determination of that question, it will be observed, depends upon whether the death was due to "over-evertion" required by the employment and without which it would not have occurred. That question was one of fact, concerning which there was a conflict of evidence, and one which the district court was without power to decide.

The court further found: "In this case there is nothing in the death of the deceased which can be said to have been peculiarly incident to the work in which he was engaged."

That was a question of fact which the Commission had not decided.

Again: "The court is of the opinion that the compensation should have been denied for the reason that the proof did not disclose that the injury arose out of the employment, and not because it was not an accident."

The Commission decided one question of law and the court another.

Much as we regret the necessity, it therefore becomes absolutely essential that this cause be remanded to the district court with directions to return it to the Commission for additional findings of fact, and that the Commission amend its findings by determining whether this death was due to over-exertion. If Dr. Dryer is correct it was. If Dr. Van Meter is correct it was not. Whether it was depends upon proof of a direct connection between the death as a result and the employment as its proximate

cause. *Industrial Commission v. Anderson,* 69 Colo. 147, 169 Pac. 135, L. R. A. 1918F, 885.

If over-exertion as the cause of death has not been established by a preponderance of the evidence, the commission will find that death was not due thereto.

The former opinion is withdrawn and the cause remanded with directions.