## No. 10,563.

COLUMBINE LAUNDRY CO., ET AL. *v.* INDUSTRIAL COMMIS-
SION, ET AL.

Decided May 7, 1923.   Rehearing denied June 4, 1923.

Proceeding under the Workmen's compensation act.
Judgment for claimants.

### *Affirmed.*

1.  WORKMEN'S COMPENSATION—*Commission Findings.*  In a proceed-
ing under the workmen's compensation act, where the death of
an employe was occasioned by the inhalation of poisonous gases
from the exhaust of a motor truck, the findings of the industrial
commission are held to sustain an award in favor of claimants.

2.  *Cause of Death—Poisonous Gases—Pneumonia.*  Where an
automobile mechanic, in the course of his employment was
poisoned by inhaling the fumes from the exhaust of a motor
truck, his death finally resulting from pneumonia, it is held
that the proximate cause of death was an accidental injury,
which led to pneumonia, and an award in favor of claimants
is sustained.

*Error to the District Court of the City and County of Den-
ver, Hon. Clarence J. Morley, Judge.*

Mr. ARTHUR H. LAWS, for plaintiffs in error.

Mr. RUSSELL W. FLEMING, attorney general, Mr. JOSEPH
P. O'CONNELL, assistant, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us to review a judgment of the
district court of the City and County of Denver affirming
an order and award of the Industrial Commission in a pro-
ceeding under the Workmen's Compensation Act.

The claimants are the dependents of a deceased em-
ployee.  The decedent was employed as an auto mechanic.
The referee found, and the finding is not questioned, that

while repairing an automobile on the morning of April 10, 1922, the employee inhaled exhaust gas from the machine. This happened in the course of his employment.

The question presented to us by the record is whether there are sufficient findings to sustain an award in favor of the claimants upon the theory that the death of the employee was proximately caused by accident arising out of and in the course of his employment. Other conditions necessary to establish the right to compensation are not involved here.

Relevant to the question above mentioned, the findings contain the following statements:

"On the morning of April 10, A. D. 1922, Pederson was working upon the ignition system of one of the trucks, * * * from about 8 o'clock until 12 noon. In the course of his work he would start and stop the car. * * * In doing this, he inhaled the exhaust coming from the automobile. The weather * * * was rather cool. The garage on this particular day was kept closed. * * * At 1:30 he was taken sick. His condition prior to this time had been good. * * * Decedent worked the following day but came home earlier than usual, went to bed and remained in bed until the date of his death on April 27th, A. D. 1922. His death was caused by pneumonia. * * *

"The referee is of the opinion, from the facts, that the decedent inhaled an extra large amount of auto gas during the forenoon of April 10th, A. D. 1922, and that his condition during the afternoon of April 10th, A. D. 1922, and the remainder of that week can and should be attributed to inhalation of auto gas. Further, that this was an accident as defined by law and that it so weakened his vitality that he was unable to throw off the pneumonia which later developed and that his death may thus be ascribed to his accident of April 10th, A. D. 1922."

It is claimed that the findings are insufficient because the referee does not state what was the "condition" of the employee, and that he should have stated that the condition was pneumonia. We think the findings sufficiently

indicate that. It is next pointed out that the referee finds that the condition "can and should" be attributed to the inhalation of gas, and it is claimed the findings are insufficient because they do not show "why". It was not necessary that the referee give the reasons for the conclusion, or recite the evidence which supports it. There was evidence to support the conclusion of fact above mentioned. Dr. Threlkeld, a witness for claimants, testified that gas poisoning causes pneumonia. Dr. Harvey, another witness, testified that gas poisoning would put the employee in question in the condition that he could not resist the pneumonia germs. He also testified that the cause of the pneumonia was gas poisoning. The findings are not so indefinite as to require us to remand the case for further findings.

The principal contention is that the death was not caused by accident.

The plaintiff in error cites *Prouse v. Industrial Com.*, 69 Colo. 382, 194 Pac. 625, upon the proposition that the accident must be one traceable to a definite time, place and cause. It is claimed that the decedent inhaled gas at other times. The findings, however, are sufficiently specific to show that the injury resulted from the work of the forenoon of April 10, 1922, when the weather was cool, the garage door closed, and the employee inhaled "an extra large amount of auto gas." The Prouse case is also cited upon the rule that the accident must be an unexpected occurrence. There is evidence that the occurrence involved here was unexpected. Similar work was done in the garage at other times without ill effects. On the date in question there was an extra large amount of exhaust gas. The presence of gas could be expected, but not the injury resulting therefrom. The accident was not the presence of gas, but the effects produced by it, and these were unexpected.

Lastly it is claimed, in effect, that the pneumonia and not the accident must be regarded as the proximate cause of the death. Pneumonia was the immediate cause, but

the immediate cause is not necessarily the proximate cause. The proximate cause in this case was the injury which led to pneumonia. In this respect the case resembles other cases where the employee died of pneumonia, cited and discussed in 20 A. L. R. 66, where the pneumonia was held attributable to an injury received in the course of employment.

The judgment of the district court is affirmed.

Mr. Chief Justice Teller and Mr. Justice Burke concur.