**JARKA CORPORATION OF PHILADELPHIA v. NORTON, Deputy Commissioner.**

**No. 5577.**

District Court, E. D. Pennsylvania.

Jan. 23, 1930.

J. T. Manning, Jr. (of Acker, Manning & Brown), of Philadelphia, Pa., for complainant.

Herbert E. Millen, of Philadelphia, Pa., for claimant.

KIRKPATRICK, District Judge.

The plaintiff in this bill for injunction complains that the award of the deputy commissioner is not in accordance with law in that it is without any evidence to support it. The case is undoubtedly a close one, but I have carefully examined the testimony taken before the deputy commissioner and I think there is evidence to support the findings.

The claimant was injured on December 8, 1928, by being struck on the back by a falling lump of clay. He was unable to return to work until March 18, 1929, at which time he worked one day, found he was unable to go on, and was compelled to lay off until May 12, 1929. From May 12 until the middle of September he worked with a fair degree of regularity, but was unable to do certain kinds of work and suffered considerably from pain while working. In September he gave up entirely and has done no work since.

It appears that the accident of December, 1928, resulted in fracturing or splitting a bone of the spinal column. It also appears that the claimant, since birth, has had a deformity or displacement of another part of the spinal column eight or ten inches down. The point made by the plaintiff is that there is no evidence to show that the claimant's present disability (the existence of which is undisputed) is the result of the fracture. On the contrary, it is argued that it must be the result of the congenital deformity because: (1) The claimant was able to work from May to September, 1929, after the accident; (2) the pain which he now suffers is located lower in the spinal column than the place of the fracture, and is approximately at the place of deformity; (3) the opinion of a medical witness called by the plaintiff is positive to the effect that the present disability is not due to the fracture, and this evidence is uncontradicted.

On the other hand, to support the deputy commissioner's conclusion, we have (1) the facts that this man, now thirty seven years of age, was able to perform the heavy

labor of a stevedore for years prior to the accident without suffering pain, discomfort, or disablement, and that, with the exception of a few months of labor with impaired efficiency, the accident put an end to his ability to work; (2) the possibility (established by the testimony of a disinterested physician, consultant of the public health department, called by the deputy commissioner) that the pain which the claimant now suffers in the lower part of his back may be due to the fracture. This witness testified that there are occasional cases in which the force of a blow, sufficient to fracture one vertebra, causes pain in other parts of the back.

On the whole, I think that there is evidence which supports the finding that the present disability is due to the injury. It may be that the pain from which he suffers in the lower region of the back comes entirely from the fracture, and that the deformity has nothing to do with it, or it may be that his present condition is caused by the deformity, and that the injury of December, 1928, aggravated it or brought it to a point where it interfered with his working capacity. In either case the award is justified. I am unwilling to hold that a claimant, in order to establish a case for compensation, must produce expert medical testimony to substantiate his claim, where it is proved that he sustained a fracture of the back and is now unable to work, and where the disability, not having existed before the injury, has been more or less continuous since the injury. I am also unwilling to hold that the commissioner is bound to accept the opinion of a medical expert for a respondent merely because uncontradicted. It seems to me that to sustain his contention that the award is not in accordance with law would require the court to adopt either of the foregoing rules.

The bill may be dismissed.