## No. 13,312.

INDUSTRIAL COMMISSION ET AL. *v.* SWANSON.

(26 P. [2d] 107)

Decided October 9, 1933.

Mr. PAUL P. PROSSER, Attorney General, Mr. MORRIS S. GINSBERG, Assistant, Mr. HAROLD CLARK THOMPSON, for plaintiffs in error.

Mr. HARRY W. ROBINSON, for defendant in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

This case arises under the Workmen's Compensation Act of Colorado. Margaret W. Swanson, the defendant in error, is the widow of one Walter Swanson, now deceased, who was an employee of the plaintiff in error the American Eagle Gold Mining Company. This company carried insurance with the plaintiff in error State Compensation Insurance Fund of Colorado. The widow filed a claim for compensation on account of Swanson's death, which occurred November 2, 1932. The Industrial Commission (also a plaintiff in error) disallowed the claim. In so doing, the commission declined to adopt the award, order and findings of its own referee, who had allowed the claim. The claimant carried her case to the district court, which entered judgment reversing the commission and ordering the referee's award to be substituted for the order of the commission. That judgment is now before us for review.

Swanson was a mine superintendent employed by the company. On October 3, 1932, in the course of his employment, he entered his employer's mine near Empire, Colorado, through a tunnel. He was accompanied by three other persons, all of whom were witnesses at the hearing before the referee. A large door at the portal of the tunnel had been constructed to control down drafts through deep shafts connected with the tunnel from the surface of the mountain. This arrangement was plainly devised and habitually used for the purpose of protecting the life and health of the employees. It was alleged on behalf of the claimant that, after Swanson and those with him had entered the tunnel, the door was accidentally allowed to swing open, or was opened by someone unknown to the employees of the company, or was blown open by the strong down drafts of air from the surface shafts. It was also alleged that, by reason

of this opening of the door and the ensuing drafts along the inner workings, Swanson suffered an unusual and unnecessary exposure, and was subjected to over-exertion; and, further, that immediately thereafter, as the direct result, bronchial pneumonia developed, bringing on heart failure and death. The contention of the claimant is that the opening of the tunnel door was an occurrence or mishap wholly unforeseen, unexpected and unintentional, and an accident within the meaning of the Workmen's Compensation Act. The plaintiffs in error argue on the other hand that death was due to disease and not to accident. A hearing on the claim was duly had before the referee of the Industrial Commission. His findings were clear-cut: "On October 3, 1932, the decedent contracted pneumonia by reason of an accidental and severe exposure. This exposure occurred while he was performing services in the course of his employment and the referee finds that such exposure, in the instant case, was an accidental injury within the meaning of the Act." He awarded compensation accordingly. A petition for review was filed by the plaintiff in error State Compensation Insurance Fund, on the ground "that the death of the deceased was due to disease, to wit, pneumonia and miner's consumption; that the deceased sustained no accident within the meaning of the Workmen's Compensation Law, and that his death resulted from no accident arising out of and/or in the course of his employment." Counsel for the fund argued that Swanson's death from penumonia "cannot be considered due to accidental causes, but must be considered as being due to an occupational condition, if connected with his occupation at all." After examining the entire file of the case, but without taking any further evidence, the Industrial Commission found: "That on October 3, 1932, while at the property of the respondent employer, claimant contracted a cold which later developed into pneumonia, and that he died on November 2, 1932. The cause of death was bronchial pneumonia

superimposed upon a chronic disease known as miner's consumption, with which the decedent had been afflicted for some time prior to October 3, 1932. The first symptoms of the acute condition, that is, the bronchial pneumonia, began to appear during and shortly after a trip which the decedent made to the mining property of the employer. *The decedent sustained no accident arising out of and/or in the course of his employment, but his death was due to the combination of diseases mentioned above.''* (Italics are ours.)

From the record it is obvious that the claim was not disallowed by the commission because of any disagreement with the referee's conclusions of fact, for there was no conflict as to what brought on the acute bronchial pneumonia that caused Swanson's death, namely, the sudden and unexpected exposure of the deceased to the violent drafts produced by the accidental opening of the tunnel door. Manifestly the commission's view was that as a matter of law the opening of the door, under the extraordinary circumstances stated, did not constitute an accident within the meaning of the act. Indulging in every reasonable inference from the evidence and giving full effect to the testimony of all the witnesses, we agree with the judgment of the district court. According to the weight of authority among compensation cases involving similar situations, and also on the ground of the better reason, the claim arising out of Swanson's death is compensable. See 1 Schneider, Workmen's Compensation Law (2d Ed.), pages 661-669, §232; Id., pages 1151-1155, §348.

Judgment affirmed.