No. 14,245.

London Gold Mines Company et al. *v.* Custer.
(74 P. [2d] 679)

Decided November 29, 1937.

Mr. Byron G. Rogers, Attorney General, Mr. Louis Schiff, Assistant, Mr. Harold Clark Thompson, for plaintiffs in error.

Mr. Samuel M. January, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

This is a workmen's compensation case. These parties are hereinafter referred to in order as the mines company, the commission, the fund, and Custer.

Custer was employed by the mines company. Alleging an injury in an accident arising out of and in the course of that employment he filed his claim with the commission. To review a final adverse decision there he went to the district court whose judgment reversed the commission. To review that judgment the mines company, the commission and the fund, prosecute this writ.

Custer was employed as a master mechanic at Alma, whose altitude is something over 10,000 feet. He performed a full day's work June 6, 1936, and after his evening meal he returned to the office for the purpose of signing up "time cards," necessitating a walk up a "pretty steep" grade for about 350 feet. A few moments after his arrival he became unconscious and the following day was brought to a Denver hospital where he remained for about four weeks. It is undisputed that he is totally disabled by partial paralysis of his right side, primarily due to some injury to his brain; either a thrombosis or a ruptured blood vessel; he claims probably the latter primarily caused by his climb and the resulting exhaustion while necessarily going to his work. Plaintiffs in error claim, and the commission found, that his trouble was a cerebral thrombosis resulting from secondary polycythemia, and not from accident or external injury.

It is undisputed that Custer was suffering from secondary polycythemia, a disease of the blood and blood vessels, caused, or greatly aggravated, by life and labor at high altitudes. Three months prior to his collapse he had been examined by a physician, his condition made known to him, and he was advised to leave the altitude in which he was working and come down, at least, to Denver. Ignoring this he returned to his work at Alma with the result above mentioned.

Dr. Sears testified there was nothing in Custer's employment to cause his disease to develop. Dr. Cunningham testified that, whether a ruptured blood vessel or thrombosis, ''I can not see its connection with an industrial accident.'' ''When an artery is ready to rupture it does it. I do not think the ordinary things you go through with in life have anything to do with an artery when it is ready to break. It is apt to happen at any time, day or night.'' Dr. Blumel testified, ''I think it is a thrombosis of the left internal carotid artery.'' ''I would regard the thrombosis as a result of physical illness and not the result of an accident.'' ''I do not think it [walking up the hill] had any bearing upon it; he might have collapsed walking down hill, or not walking at all.'' Asked if the exertion might have accelerated the attack he answered: ''If it is a hemorrhage of the brain I think it is possible, yes; if thrombosis I would say, no.'' Asked his opinion of the result if Custer had gone to bed instead of returning to work he said, ''I think it would have happened anyway.'' Dr. Yegge testified, ''I think the man had a thrombosis.'' ''I believe it would have occurred regardless of what he was doing.''

There is, of course, some evidence from which the commission might have drawn other conclusions. If it had decided that the injury was due to a ruptured blood vessel in the brain, and that the rupture was primarily caused by over exertion, we doubt if we could have interfered with such a finding, although the record clearly indicates it would have been contrary to the preponder-

ance of the evidence. Enough, however, has been set forth to demonstrate that the finding of thrombosis, with no industrial connection, is amply supported.

We are not unmindful of *Ellermann v. Industrial Commission,* 73 Colo. 20, 213 Pac. 120, and other similar authorities relied upon by counsel for Custer. But, because of marked distinctions in evidence, they contain nothing to support this judgment. For instance, in the Ellermann case we held the findings insufficient, returning it to the commission for completion, with the direction, "If over-exertion as the cause of death has not been established by a preponderance of the evidence, the commission will find that death was not due thereto." It will be observed that this award is supported, not overthrown, by that authority.

This is clearly a case of disputed facts, found by the commission on conflicting evidence, and with that finding the courts are powerless to interfere.

The judgment is accordingly reversed and the cause remanded with directions to the district court to affirm the award.

Mr. Justice Hilliard, Mr. Justice Bakke and Mr. Justice Holland concur.