### No. 18,169.

INDUSTRIAL COMMISSION OF COLORADO, ET AL. *v.* LONDON & LANCASHIRE INDEMNITY COMPANY, ET AL.

(311 P. [2d] 705)

Decided May 27, 1957.

Mr. HAROLD D. TORGAN, for plaintiffs in error Glenna Mary Tate and Anthony Tate.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, Mr. PAUL D. RENNER, for defendants in error.

*In Department.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFFS in error seek reversal of a judgment of the Denver District Court which vacated an award of the Industrial Commission in favor of Glenna Mary Tate, widow of Ralph Malcolm Tate, and her minor son Anthony Tate for the death of the husband and father on December 30, 1956. The district court held that claimants had not established by any evidence in the record that Ralph Malcolm Tate died as a result of an accident arising out of and in the course of his employment by Franklin Research Distributors, Inc., to which we refer as the employer. London & Lancashire Indemnity Company is the insurance carrier for the employer.

The claim filed by Mrs. Tate and her son alleged that Mr. Tate died as a result of falling or being pushed from the fourth floor window of the employer's warehouse where he was employed. Notice of contest was filed by the employer and insurance carrier. The defense was that the death of Mr. Tate did not result from an accident arising out of and in the scope of his employment and that his death was intentionally self-inflicted.

■ An injury in the course of employment arises out of the employment even though the risk or hazard is external to the employment, where the employment or the conditions under which the work is performed cause exposure to the risk.

It is admitted that Mr. Tate was working for the

employer on the date of his death. His hours of employment were from 8 A.M. to 4:30 P.M. The building where he worked was a seven story structure, a combination office and warehouse. About 5:30 P.M. on December 30, 1956, a man emerged from a building next door to employer's warehouse and observed the crumpled and broken body of Mr. Tate lying on the sidewalk in front of employer's building. At that time only the light in the first floor office of employer's premises was burning; the upper floors of the structure were dark. A window on the fourth floor of the warehouse some seventy feet above the sidewalk was open. Aid was summoned; Mr. Tate was removed to a hospital and died a short time thereafter. An examination of the premises disclosed that all doors and exits were closed and locked and that the firedoors were securely fastened. The window on the fourth floor was the only opening. Claimants produced evidence tending to show that Mr. Tate had no reason to commit suicide by jumping from the fourth floor window; that he had no financial difficulties; that he was not depressed and had accepted an invitation to a New Year's eve party the following evening.

The referee of the Commission in his findings, adopted in toto by the Commission, said: "There is no presumption of self-destruction in law, and respondents are obligated to show by conclusive evidence that the decedent met his death at his own hands, if they are to prevail in their denial of liability. The referee finds that respondents have failed to prove suicide, and their motion for denial of liability and dismissal of the claim on the grounds of self-destruction should be denied." Nowhere in the findings of the referee, or of the Commission, nor in the evidence adduced at the hearing do we find anything to indicate that Mr. Tate's death resulted from "an accident arising out of and in the course of employment" as required by C.R.S. '53, 81-13-2.

When a claim is filed under the Workmen's

Compensation Act the burden of proof is upon the claimant. *Olson-Hall v. Industrial Commission,* 71 Colo. 228, 205 P. 527; *H. C. Lallier Construction and Engineering Co. v. Industrial Commission,* 91 Colo. 593, 17 P. (2d) 532. In the latter case it was said: "* * * the burden is upon the claimant to show by sufficient, substantial and admissible evidence that *an accident occurred,* that it arose out of and in the course of employment of decedent, and resulted in his death." (Emphasis supplied) The language of the Act is plain, clear and explicit, and must be enforced according to its obvious meaning.

An accident "arising out of the employment" usually occurs in the course of such employment, and an accident which "arises out of the employment" involves the idea of causal relationship between the employment and the injury. The term "in the course of" relates more particularly to the time, place and circumstances under which the injury occurred. The two terms are not synonymous, and under our act where the conjunctive conditions are imposed the claimant must meet both requirements. There is nothing in the Colorado Workmen's Compensation Act which creates a statutory presumption of accident in unwitnessed events which result in injury or death of a workman.

The Industrial Commission in its brief states "* * * does the overall picture of the case indicate to the reasonable mind death by accident or by other means * * *. The principal issue is simply whether the decedent committed suicide or not * * *." The issue was whether the deceased met his death as the result of an accident arising out of and in the course of his employment and not intentionally self-inflicted. The fact that there is a presumption against suicide does not take the place of proof of an accident arising out of and in the course of employment.

The findings of the referee of the Commission may be summarized by saying that there was no known

motive for deceased to commit suicide. The trial judge observed: "It is also to be noted that the referee did not make a single finding of fact to indicate that there was an accident, and omitted from his recital of the uncontradicted facts certain evidence that would indicate that the death was not an accident."

We are satisfied that the claimants proceeded on a mistaken theory and it is obvious that the Commission accepted that theory by asserting that the employer and insurance carrier had to prove by *conclusive* evidence that the deceased met death at his own hands. We know of no authority and have found none which makes conclusive evidence the quantum of proof by which a presumption against suicide must be rebutted. The burden of proof remains upon the claimant to establish that the injury or death resulted from an accident arising out of and in the course of the employment and not intentionally self-inflicted.

In the case before us the employer and its insurance carrier introduced evidence, substantial in character, from which the conclusion of suicide could be reached. But were this absent from the case, the burden was upon claimants, who offered no rebuttal evidence, resting their case on the erroneous theory that the burden was on the employer to conclusively prove that the death was due to suicide.

It is now too late for an amendment of the findings and award at the instance of the claimants. Under the rules of the Commission they had a right to file a petition for review and an amplification of the findings. No such suggestion was made until the case reached this court.

The most that can be said of claimants' case is stated in their brief where counsel says: "In the present case, also, there is no explanation as to how Ralph Tate met his death." Then counsel speculates about a number of things that *might* have occurred, but there is *no evidence* in the record that any of these speculative

events actually did occur. Awards in compensation cases cannot be based upon speculation or conjecture. *Deines Bros. v. Industrial Commission,* 125 Colo. 258, 242 P. (2d) 600; *U.S. Fidelity & Guarantee Co. v. Industrial Commission,* 122 Colo. 31, 219 .P. (2d) 315.

 The trial judge in the present case after reviewing the record and hearing the arguments of counsel aptly said: "Many things can happen to employees while on or about the premises of an employer. But the mere fact that something does happen unexplained does not give rise to the presumption that the occurrence was accidental or that it arose out of and in the course of the employment."

In *Meyer v. Lakewood Country Club,* 122 Colo. 110, 220 P. (2d) 371 it was said: "Where there is no conflict in the testimony and it appears that an award of the Industrial Commission is based on unwarranted inferences or improper application of the law, the district court is at liberty to set aside the award."

With this record before it the trial court could have reached no other conclusion. The judgment was correct and is affirmed.

Mr. Chief Justice Moore, Mr. Justice Sutton and Mr. Justice Frantz concur.