In The Matter of the DEATH OF Leroy TALBERT (Deceased).

**Eleanor TALBERT, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO and City and County of Denver, Respondents.**

No. 83CA1070.

Colorado Court of Appeals, Div. I.

Aug. 2, 1984.

Rehearing Aug. 30, 1984.

Certiorari Denied Jan. 14, 1985.

Bruno & Bruno, P.C., Louis B. Bruno, Gregory C. Denton, Lakewood, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James Hubbard, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

Glasman, Jaynes & Carpenter, Ronald C. Jaynes, Denver, for respondent City and County of Denver.

BABCOCK, Judge.

Claimant, the widow of Leroy Talbert (decedent), seeks review of a final order of the Industrial Commission denying her claim for medical, funeral, and dependency benefits. We set aside the Commission's order and remand for further proceedings.

Decedent was employed as a police officer in the Special Services Unit of the Denver Police Department. He normally worked from 9 a.m. to 5 p.m. The members of the unit generally were required to engage in a physical conditioning workout together prior to beginning work. The normal workout routine consisted of calisthenics, a 1.3 mile jog, and a game of volleyball or basketball in a gym. From July 10, 1981, until August 3, 1981, decedent was on vacation and did not work out. Subsequent to his return to work on August 3, the unit engaged in a variety of special assignments, and workouts were not frequently held. Decedent participated in workouts on August 3, 4, 5, 20, and 21.

From August 12 to August 28, with the exception of days off and a couple of other special assignments, the unit was assigned to provide security in connection with the moving of Weteye bombs from the Rocky Mountain Arsenal. This assignment required the unit, including decedent, to work from 3 a.m. to 11 a.m. According to claimant, decedent caught a cold during this assignment and was not sleeping well. Decedent was off work on August 29 and 30 and returned to his normal hours and assignment on August 31.

Prior to commencing work on August 31, the unit did calisthenics and jogged one-half mile. Because the gym was unavailable, the unit engaged in a touch football game outside and decedent played end. After about a dozen plays including 40 yard sprints by decedent, he became ill, lay down, turned grey in color, and was taken to the hospital where he died. The cause of death was an acute myocardial infarction.

At the hearing before the hearing officer, claimant and two police officers testified in support of the claim. No medical

testimony was taken. The medical records pertinent to this appeal consist of the hospital discharge summary of the physician who treated decedent on August 31 and the autopsy report. Aside from relating a history that decedent apparently had been suffering from an upper respiratory infection, was a two-pack-a-day smoker, and collapsed during a touch football game, neither report expressed an opinion as to the cause of decedent's heart attack.

The hearing officer noted that under § 8–41–108(2.5), C.R.S. (1983 Cum.Supp.) death caused by heart attack is not a compensable injury "unless it is shown by competent evidence that such heart attack was proximately caused by an unusual exertion arising out of and within the course of the employment." The hearing officer found that "[t]here is no expression of opinion in the medical records ... concerning the 'proximate cause' of the decedent's heart attack." The hearing officer concluded that "the record contains no medical evidence whatsoever that establishes the causal relationship between the myocardial infarction suffered by the decedent and his work" and that, therefore, claimant, upon whom the burden of proof is cast, had failed to "establish by competent evidence that the decedent's heart attack was proximately caused by an unusual exertion arising out of and within the course of his employment ...." Accordingly, the hearing officer denied the claim for benefits. The Commission affirmed in a form order.

On review, claimant contends, *inter alia,* that the Commission erred in finding. that there was no evidence as to the proximate cause of decedent's heart attack. We agree.

■ Proof of a causal connection between an employee's heart attack and his employment need not be established by expert medical testimony. *See Industrial Commission v. Havens,* 136 Colo. 111, 314 P.2d 698 (1957); *Savio House v. Dennis,* 665 P.2d 141 (Colo.App.1983). Rather, circumstantial evidence may be sufficient to establish the requisite causal connection.

*See Industrial Commission v. Havens, supra; Savio House v. Dennis, supra.*

■ Here, the totality of the circumstances surrounding the onset of decedent's heart attack constitute some evidence tending to establish a causal connection between the heart attack and decedent's work. *See Industrial Commission v. Havens, supra.* Accordingly, the Commission erred as a matter of law by requiring medical evidence of causation and in finding that there was no evidence as to the proximate cause of decedent's heart attack. *Industrial Commission v. Havens, supra.*

Although we hold that the Commission's misapplication of the law resulted in an erroneous finding that there was no evidence as to proximate cause, we do not determine whether the evidence presented was sufficient to meet claimant's burden of proof, *i.e.,* proof by a preponderance of the evidence. *See Prestige Homes, Inc. v. Legouffe,* 658 P.2d 850 (Colo.1983) (fn. 6). Nor do we determine whether the activities undertaken by decedent constitute unusual exertion. These are questions of fact for resolution by the hearing officer. *See Prestige Homes, Inc. v. Legouffe, supra; City & County of Denver v. Industrial Commission,* 40 Colo.App. 202, 573 P.2d 562 (1977), *modified,* 195 Colo. 431, 579 P.2d 80 (1978).

The Commission's order is set aside and the cause is remanded for further proceedings consistent with this opinion.

PIERCE and STERNBERG, JJ., concur.